STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY FIATO, an individual,<br><br>Defendant. | Case No.: 2:10-cv-1246<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Anthony Fiato ("Mr. Fiato") on information and belief:

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

1

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mr. Fiato is, and has been at all times relevant to this lawsuit, the owner of the Internet domain found at <af11.wordpress.com> (the "Domain"), as identified by the content accessible through the Domain (said content accessible through the Domain known herein as the "Website").

5. Mr. Fiato's ownership of the Domain is further evidenced by Mr. Fiato's Twitter page, attached hereto as Exhibit 1.

**JURISDICTION**

6. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

7. Righthaven is the owner of the copyright in the literary work entitled: "It's not your dad's Cosa Nostra in Las Vegas anymore" (the "Cosa Nostra Work"), attached hereto as Exhibit 2.

8. At all times relevant to this lawsuit, the Cosa Nostra Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

9. Mr. Fiato willfully copied, on an unauthorized basis, the Cosa Nostra Work from a source emanating from Nevada.

10. On or about May 27, 2010, Mr. Fiato displayed, and continues to display, an unauthorized reproduction of the Cosa Nostra Work (the "First Infringement"), attached hereto as Exhibit 3, on the Website.

11. The subject matter, at least in part, of the Cosa Nostra Work and the First Infringement is Las Vegas, Nevada-based mafia activity.

12. At all times relevant to this lawsuit, Mr. Fiato knew that the Cosa Nostra Work was originally published in the Las Vegas *Review-Journal*.

13.     At all times relevant to this lawsuit, Mr. Fiato knew that the First Infringement was and is of specific interest to Nevada residents.

14.     Mr. Fiato's display of the First Infringement was and is purposefully directed at Nevada residents.

15.     Righthaven is the owner of the copyright in the literary work entitled: "Four accused of extorting money from kiosk operators" (the "Kiosk Work"; collectively with the Cosa Nostra Work known herein as the "Works"), attached hereto as Exhibit 4.

16.     At all times relevant to this lawsuit, the Kiosk Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

17.     Mr. Fiato willfully copied, on an unauthorized basis, the Kiosk Work from a source emanating from Nevada.

18.     On or about May 23, 2010, Mr. Fiato displayed, and continues to display, an unauthorized reproduction of the Kiosk Work (the "Second Infringement"), attached hereto as Exhibit 5, on the Website.

19.     The subject matter, at least in part, of the Kiosk Work and the Second Infringement, is Las Vegas, Nevada-based drug trafficking.

20.     At all times relevant to this lawsuit, Mr. Fiato knew that the Kiosk Work was originally published in the Las Vegas *Review-Journal*.

21.     At all times relevant to this lawsuit, Mr. Fiato knew that the Second Infringement was and is of specific interest to Nevada residents.

22.     Mr. Fiato's display of the Second Infringement was and is purposefully directed at Nevada residents.

### **VENUE**

23.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

**FACTS**

24. The Cosa Nostra Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

25. Righthaven is the owner of the copyright in and to the Cosa Nostra Work.

26. The Cosa Nostra Work was originally published on May 27, 2010.

27. On July 21, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007177938 (the "First Registration") and attached hereto as Exhibit 6 is evidence of the First Registration in the form of a printout of the official USCO database record depicting the occurrence of the First Registration.

28. On or about May 27, 2010, Mr. Fiato displayed, and continues to display, the First Infringement on the Website.

29. Mr. Fiato replaced the Cosa Nostra Work's original title: "It's not your dad's Cosa Nostra in Las Vegas anymore," with a new title: "It's not the traditional mafia, Cosa Nostra, in Las Vegas."

30. The Kiosk Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

31. Righthaven is the owner of the copyright in and to the Kiosk Work.

32. The Kiosk Work was originally published on May 23, 2010.

33. On July 9, 2010, the USCO granted Righthaven the registration to the Kiosk Work, copyright registration number TX0007171961 (the "Second Registration") and attached hereto as Exhibit 7 is evidence of the Second Registration in the form of a printout of the official USCO database record depicting the occurrence of the Second Registration.

34. On or about May 23, 2010, Mr. Fiato displayed, and continues to display, the Second Infringement on the Website.

35. Mr. Fiato replaced the Kiosk Work's original title: "Four accused of extorting money from kiosk operators," with a new title: "Israeli Mob linked to Ecstasy trafficking in Las Vegas."

36. Mr. Fiato did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Works.

37. Mr. Fiato was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Works.

## FIRST CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT OF THE COSA NOSTRA WORK

38. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 37 above.

39. Righthaven holds the exclusive right to reproduce the Cosa Nostra Work, pursuant to 17 U.S.C. § 106(1).

40. Righthaven holds the exclusive right to prepare derivative works based upon the Cosa Nostra Work, pursuant to 17 U.S.C. § 106(2).

41. Righthaven holds the exclusive right to distribute copies of the Cosa Nostra Work, pursuant to 17 U.S.C. § 106(3).

42. Righthaven holds the exclusive right to publicly display the Cosa Nostra Work, pursuant to 17 U.S.C. § 106(5).

43. Mr. Fiato reproduced the Cosa Nostra Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

44. Mr. Fiato created an unauthorized derivative of the Cosa Nostra Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

45. Mr. Fiato distributed, and continues to distribute, an unauthorized reproduction of the Cosa Nostra Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

46. Mr. Fiato publicly displayed, and continues to publicly display, an unauthorized reproduction of the Cosa Nostra Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

47. Mr. Fiato has willfully engaged in the copyright infringement of the Cosa Nostra Work.

48. Mr. Fiato's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

49. Unless Mr. Fiato is preliminarily and permanently enjoined from further infringement of the Cosa Nostra Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Mr. Fiato of the Cosa Nostra Work, pursuant to 17 U.S.C. § 502.

## SECOND CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT OF THE KIOSK WORK

50. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 49 above.

51. Righthaven holds the exclusive right to reproduce the Kiosk Work, pursuant to 17 U.S.C. § 106(1).

52. Righthaven holds the exclusive right to prepare derivative works based upon the Kiosk Work, pursuant to 17 U.S.C. § 106(2).

53. Righthaven holds the exclusive right to distribute copies of the Kiosk Work, pursuant to 17 U.S.C. § 106(3).

54. Righthaven holds the exclusive right to publicly display the Kiosk Work, pursuant to 17 U.S.C. § 106(5).

55. Mr. Fiato reproduced the Kiosk Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

56. Mr. Fiato created an unauthorized derivative of the Kiosk Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

57. Mr. Fiato distributed, and continues to distribute, an unauthorized reproduction of the Kiosk Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

58. Mr. Fiato publicly displayed, and continues to publicly display, an unauthorized reproduction of the Kiosk Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

59. Mr. Fiato has willfully engaged in the copyright infringement of the Kiosk Work.

60. Mr. Fiato's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

61. Unless Mr. Fiato is preliminarily and permanently enjoined from further infringement of the Kiosk Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Mr. Fiato of the Kiosk Work, pursuant to 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Mr. Fiato, and Mr. Fiato's agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under Mr. Fiato, from directly or indirectly infringing the Works by reproducing the Works, preparing derivative works based on the Works, distributing the Works to the public, and/or displaying the Works, or ordering, directing, participating in, or assisting in any such activity;

2. Direct Mr. Fiato to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to Mr. Fiato's use of the Works, in any form, including, without limitation, all such evidence and documentation relating to the Website;

7

      b.     All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom Mr. Fiato has communicated regarding Mr. Fiato's use of the Works; and

      c.     All financial evidence and documentation relating to Mr. Fiato's use of the Works;

3.     Direct the current registrar, GoDaddy.com, Inc., and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4.     Award Righthaven statutory damages for the willful infringement of the Works, pursuant to 17 U.S.C. § 504(c);

5.     Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6.     Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.     Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this twenty-sixth day of July, 2010.

RIGHTHAVEN LLC

By: /s/ J. Charles Coons
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff